UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


THE ESTATE OF ANTHONY JONES,            CIVIL ACTION
SR., THROUGH BETTY P. DONATTO
AND BETTY P. DONATTO AS THIRD
PARTY BENEFICIARY

VERSUS                                  NO.  06-8047

METROPOLITAN LIFE INSURANCE              SECTION "R"(4)
COMPANY, MARCIA VICKNAIR, ABC
INSURANCE COMPANY AND XYZ
INSURANCE COMPANY


<u>**ORDER AND REASONS**</u>

    Plaintiffs move to remand this matter to state court.  For
the following reasons, the Court GRANTS the plaintiffs' motion.


I.    **BACKGROUND**

    Plaintiffs in this matter are the estate of Anthony Jones,
Sr., through Betty P. Donatto and Betty P. Donatto as third-party
beneficiary of the life insurance policy that Jones allegedly
procured from Metropolitan Life Insurance Company through agent
Marcia Vicknair.  Plaintiffs sued Metropolitan Life and Vicknair
in state court and Metropolitan Life removed.  Metropolitan Life
is a foreign insurer with neither citizenship nor a principal

place of business in Louisiana.  Vicknair is a citizen of Louisiana.  As such, the parties are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004).  Plaintiffs now move to remand this matter to state court.  Metropolitan Life asserts that the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because Vicknair was improperly joined.  Plaintiffs do not dispute defendant's assertion that their claims exceed the $75,000 amount-in-controversy requirement of Section 1332.  *See* 28 U.S.C. § 1332.  Plaintiffs also move under 28 U.S.C. § 1447(c) for an award of attorney's fees and other costs.

## II.  LEGAL STANDARDS

### A.  Applying Louisiana Law

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Louisiana, the sources of law are legislation and custom.  *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004).  These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine,

2

conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1*).* In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.,* 328 F.3d 192, 197 (5th Cir. 2003)).

**B. Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d

3

720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**C.   Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332.  However, a defendant may remove by showing that the nondiverse party was improperly joined.  *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).  Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one.  *Id*.  Improper joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1]  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).  In *Ross*, the Fifth Circuit clarified the standard

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder."  *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).  However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

4

for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant. *Id*. at 462-63. The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id.* (*citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

5

## III. DISCUSSION

Plaintiffs allege in their state court petition that their insurance agent, Vicknair, convinced Anthony Jones, Sr., to purchase a life insurance policy through her from Metropolitan Life in May 2005.  Vicknair allegedly informed plaintiffs at that time that the policy, which named Betty Donatto as its third party beneficiary, would be effective "immediately." (R. Doc. 1-2, at ¶ 8).  Plaintiffs further claim that Donatto wrote Vicknair a check to pay for the first policy premium, and that Metropolitan Life "negotiated Ms. Donatto's check." (*Id.* at ¶¶ 10, 11).  Plaintiffs therefore assert that they believed, based on Vicknair's representations, that "Mr. Jones had a life insurance policy in full force and effect with MetLife." (*Id.* at ¶ 11).

On August 29, 2005, Hurricane Katrina struck southeastern Louisiana.  Jones remained in New Orleans during Katrina and died as a result of asphyxia due to drowning. (*Id.* at ¶ 17).  Following Jones' death, Donatto contacted Metropolitan Life to make a claim on her son's life insurance policy. (*Id.* at ¶ 18).  Metropolitan Life informed Donatto that "no policy of life insurance had been bound on her son" and that Metropolitan Life would not pay her on her claim. (*Id.* at ¶ 19).  Plaintiffs aver that a Metropolitan Life representative informed Donatto that

6

"Ms. Vicknair had failed to follow proper procedure in binding coverage on Mr. Jones." (*Id.* at ¶ 20).  Plaintiffs further assert that neither Vicknair nor any representative from Metropolitan Life informed them between May 2005 and Jones' death that his life insurance had not been bound.  (*Id.* at ¶ 22).  As a result, plaintiffs have set forth various causes of action against Metropolitan Life and Vicknair.  Most relevant to this motion to remand, plaintiffs allege failure to procure requested insurance and negligent misrepresentation on the part of Vicknair.

Based on the allegations set forth in plaintiffs' state court petition, the Court finds that Vicknair has not been joined improperly in this action.  Under Louisiana law, an insurance agent has a duty to use reasonable diligence in attempting to place the insurance requested and to inform his or her client promptly if the agent does not procure the requested insurance. *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973); *see also Three X, L.L.C. v. Lexington Ins. Co.*, 2006 WL 3142276 (E.D. La. 2006).  A "client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage." *Karam*, 281 So.2d

at 730-31; *see also Huval v. Offshore Pipelines, Inc*., 86 F.3d
454, 457 (5th Cir. 1996).  Plaintiffs' allegations, if true, with
respect to Vicknair's May 2005 conduct arguably states a claim
that Vicknair was negligent in failing to procure requested life
insurance on behalf of Jones.  In addition, Louisiana recognizes
actions for negligent misrepresentation leading to pecuniary loss
when (1) the defendant owed a duty to supply correct information,
(2) the defendant breached that duty, and (3) the plaintiff
suffered damages resulting from justifiable reliance on the
misrepresentation.  *Abbott v. Equity Grp., Inc.,* 2 F.3d 613, 624
n.38 (5th Cir. 1993); *Chiarella v. Sprint Spectrum, LLP*, 921 So.
2d 106, 123 (La. Ct. App. 2005).  Broadly construing plaintiffs'
petition in their favor, the Court finds there is an arguably
reasonable basis for predicting that state law might impose
liability upon Vicknair for negligent misrepresentations in
connection with her alleged conduct in May 2005.

Based on these same allegations, the Court likewise finds
that plaintiffs' claims are not perempted under La. Rev. Stat. §
9:5606.  This statute provides in pertinent part:

> No action for damages against any insurance agent . .
> . whether based upon tort, or breach of contract, or
> otherwise, arising out of an engagement to provide
> insurance services shall be brought unless filed . .
> . within one year from the date of the alleged act,
> omission, or neglect, or within one year from the
> date that the alleged act, omission, or neglect is
> discovered or should have been discovered. However,

> even as to actions filed within one year from the
> date of such discovery, in all events such actions
> shall be filed at the latest within three years from
> the date of the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606.  Plaintiffs contend that they did not

know and could not have known until they filed their life

insurance claim after Hurricane Katrina that the requested

coverage allegedly had not been procured.  Because plaintiffs

filed this action in state court on August 29, 2006, which was

within a year of Jones' storm-related death, they argue that

their claims against Vicknair have not prescribed under Section

9:5606.  Metropolitan Life counters with affidavits and other

materials that purport to establish that Jones did not request

life insurance coverage in May 2005, but rather applied for

insurance in December 2004 and was denied coverage.  Metropolitan

Life therefore claims that plaintiffs knew or should have known

of any cause of action against their agent at that time, and that

those claims had prescribed under the one-year bar in Section

9:5606 by August 29, 2006.

What Metropolitan Life is essentially attempting is to try

the entire case on the merits in this motion to remand.  In

*Smallwood v. Illinois Cent. R. Co.*, the Fifth Circuit stated

that, in determining whether a plaintiff has a reasonable basis

of recovery under state law, a district court "may conduct a Rule

12(b)(6)-type analysis, looking initially at the allegations of

the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).  However, in some instances where a plaintiff has misstated or omitted discrete facts, the Fifth Circuit held that "the discrete court *may*, in its discretion, pierce the pleadings and conduct a summary inquiry."  *Id.* (emphasis added).  The *Smallwood* court cautioned that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts," contemplating such facts to consist of those "that easily can be disproved if not true."  *Id.* at 573-74 (providing hypothetical examples of these facts, including "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged").

Here, plaintiffs' state court petition states causes of action against Vicknair that appear to have a reasonable basis of recovery under state law.  Because, under *Smallwood*, district courts are not required to pierce the pleadings in every case, the Court finds that plaintiffs' allegations are sufficient as pleaded to defeat defendant's peremption argument.  This is

simply not a situation in which piercing the pleadings is
appropriate.  The Fifth Circuit did not intend for the district
court to analyze voluminous documents in the light of their
characterizations in uncross-examined affidavits to resolve fact
issues on a motion to remand.  As a result, joinder of Vicknair
is not improper.  Complete diversity is lacking, and the Court
does not have subject matter jurisdiction over this case.


**IV.  ATTORNEY'S FEES**

     Plaintiffs also move under 28 U.S.C. § 1447(c) for an award
of attorney's fees and costs for defendant's improper removal.
The decision whether to award attorney's fees and/or costs is
discretionary.  *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.
1993).  "Absent unusual circumstances, courts may award
attorney's fees under § 1447(c) only where the removing party
lacked an objectively reasonable basis for seeking removal.
Conversely, when an objectively reasonable basis exists, fees
should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S.
132 (2005) (citing *Hornbuckle*, 385 F.3d at 541; *Valdes v. Wal-
Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  Because
the Court does not find that the removal in this case was
objectively unreasonable, the Court exercises its discretion not
to grant plaintiffs' request for attorney's fees and costs.

**V.    CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand to state court.


New Orleans, Louisiana, this <u>22nd</u> day of March, 2007.


_____
                SARAH S. VANCE
     UNITED STATES DISTRICT JUDGE